AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

**FILED**
U.S. District Court
District of Kansas

MAY − 5 2014

Clerk, U.S. District Court
By _____ Deputy Clerk

for the

District of Kansas

In the Matter of the Search of                    )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*      )
                                                   )    Case No.  14 - M - 6126 - 01 - KMH
Verizon, LG LTE, AT&T, Samsung, Galaxy SII, currently in the   )
custody of the Bureau of Alcohol, Tobacco, Firearm and   )
Explosives, 310 N. Main St., Ste. 225, Wichita, Kansas, further   )
described on Attachment A.                         )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of ____KANSAS____ *(identify the person or describe property to be searched and give its location):*
Verizon, LG LTE, AT&T, Samsung, Galaxy SII, currently in the custody of the Bureau of Alcohol, Tobacco, Firearm and Explosives, 310 N. Main St., Ste. 225, Wichita, Kansas, further described on Attachment A.
**301**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § 841(a)(1), 846 , and the application is based on these facts:  843(b), 18 U.S.C. 371,

☑ Continued on the attached sheet. (see attached affidavit of probable cause)
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason E. Fuller, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____May 5, 2014____

_____
*Judge's signature*

City and state: ____Wichita, Kansas____      ~~Kenneth G. Gale~~, United States Magistrate Judge
*Printed name and title*

Karen M. Humphreys

**AFFIDAVIT**

I, Jason E. Fuller, (here-in-after known as Affiant) being duly sworn, declare and state:

1.      Affiant has been employed as a Special Agent of the ATF since September 2003. Affiant is currently a Senior Special Agent assigned to the Wichita Field Office in Wichita, KS.   As a Special Agent with ATF, affiant attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training.  Prior to being employed by ATF, affiant was employed by Illinois State University ("ISU"), Department of Criminal Justice Sciences.   Prior to being employed by ISU, affiant was employed as a Special Agent by the Iowa Department of Public Safety, Division of Narcotics Enforcement ("DNE").   As a Special Agent with ATF and/or DNE, affiant has received training in arson, explosives, firearms, tobacco, and drug trafficking investigations.  As a Special Agent with ATF and/or DNE, affiant has conducted and/or participated in investigations involving arson, explosives, firearms, controlled substances, contraband cigarette trafficking, mail fraud, wire fraud, and money laundering.  Affiant has worked undercover to obtain information and evidence, utilized confidential informants to obtain information and evidence, conducted interviews of suspects and witnesses, written and executed state and federal search warrants, and written and executed state and federal arrest warrants.  Affiant has conducted and/or participated in investigations resulting in the seizure of contraband, currency, bank accounts, vehicles, and real estate properties.  Affiant has a Bachelor of Science, Summa Cum Laude, degree and a Master of Science degree in Criminal Justice Sciences.

## PURPOSE OF AFFIDAVIT

2.      This affidavit is made in support of a search warrant for the following cellular telephone:

a.      Verizon, LG LTE, AT&T, Samsung, Galaxy SII, cellular telephone, FCC ID: ZNFVS980 seized from **Brandon SMITH** on April 9, 2014 and entered into ATF evidence as ATF Item #318 (**"SUBJECT CELLULAR TELEPHONE"**);

3.      There is probable cause to believe that evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 will be found in **SUBJECT CELLULAR TELEPHONE.**

4.      Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for the issuance of a search warrant, I have not described all of the relevant facts and circumstances of which I am aware related to this or other investigations. This affidavit does not purport to set forth all of my knowledge of, or investigation into, this matter. The information in this affidavit is based on my personal knowledge of the facts of this investigation, as well as oral or written communications with other law enforcement personnel and investigators. The opinions which I have formed and the statements set forth in this affidavit are based upon my

training and experience as well as consultation with other, more experienced investigators.

## CELLULAR TELEPHONE TO BE SEARCHED

5.     This affidavit is made in support of a search warrant to search the following cellular telephone found to be in the possession of **Brandon SMITH** at or near the time of his arrest on April 9, 2014:

a.     Verizon, LG LTE, AT&T, Samsung, Galaxy SII, cellular telephone, FCC ID: ZNFVS980 seized from **Brandon SMITH** on April 9, 2014 and entered into ATF evidence as ATF Item #318 (**"SUBJECT CELLULAR TELEPHONE"**);

## ITEMS TO BE SEIZED

6.     The items to be seized from **SUBJECT CELLULAR TELEPHONE**, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 include the following:

a.     All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

b.      All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of calls, which identifies calls made to and/or from **SUBJECT CELLULAR TELEPHONE**;

c.      All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

d.      All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

e.      All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would constitute indicia of ownership and/or use of **SUBJECT CELLULAR TELEPHONE**.

## PROBABLE CAUSE

7.      From speaking with agents and investigators involved in this investigation, from reviewing written reports regarding this investigation, and from my personal involvement in this investigation, affiant knows that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") initiated an investigation into the criminal activity of **Gerald BEASLEY** in or about October 2012. This investigation has been conducted in coordination with the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the Wichita Police Department ("WPD"), the Sedgwick County Sheriff's Office ("SCSO"), and other law enforcement agencies. Based on the

4

investigation to date, affiant believes that **Gerald BEASLEY** operates a criminal enterprise and conspires with other individuals, including **Brandon SMITH**, to obtain and distribute controlled substances.

8.      On March 26, 2013, U.S. District Court Judge Eric F. Melgren signed an order authorizing wire and electronic intercepts over **Gerald BEASLEY's** cellular telephone. Interceptions commenced on March 27, 2013. Based on interceptions, affiant believes that **Gerald BEASLEY** conspired with **Brandon SMITH** to violate various Federal laws, including, but not limited to, the distribution of controlled substances. Affiant believes that, based on interceptions of calls and/or text messages between **Gerald BEASLEY** and **Brandon SMITH**, as well as other information, that **Gerald BEASLEY** was conspiring with **Brandon SMITH** to purchase and sell large amounts of cocaine and marijuana. Several of these calls and/or text message exchanges are described below.

a.      On March 28, 2013, investigators intercepted telephone calls between **Gerald BEASLEY** and **Brandon SMITH** in Session #360. During the call, **SMITH** stated, "…If you can, first thing, uh, in the morning, uh, your son and then and then them two pitbulls." **BEASLEY** told **SMITH**, "You probably need to get that tonight. I got a lot going on tomorrow. If you want, I can get it because I got too much going on tomorrow." **SMITH** told **BEASLEY**, "Oh, see, I ain't got all the mullah together. That's what…for the, uh, for the, uh, pitbulls, is what I was saying…" **BEASLEY** replied, "Yeah." **SMITH** asked **BEASLEY**, "…I mean you, you can't grab em and then I come meet you tomorrow or something…" **BEASLEY** told **SMITH** that he would probably need to get "those" that night. **SMITH** told **BEASLEY** to call him

when he was on his way out. **BEASLEY** told **SMITH** to give him 30 minutes. **SMITH** told **BEASLEY**, "OK...so for, uh, yeah, I, I take those three things." **BEASLEY** replied, "OK." At one point, **BEASLEY** told **SMITH**, "I'm not, I'm not trying to pressure or nothing, but I just, I just did it for real cause I, we, we wait till the morning either it's probably going to be a problem." **SMITH** stated, "Right." **BEASLEY** then stated, "Then, then your price is going to be high cause things won't be right." **SMITH** replied, "Right, OK, well, yeah, just call me when you're on your way out and then that way I'll, maybe I'll have all the money by then. I mean, I'm, I'm trying like I, like I said I'm trying not to go in there." **SMITH** told **BEASLEY** to let him know when he was on his way. **BEASLEY** advised **SMITH** that he would be coming in 30 minutes. During another call, **BEASLEY** told **SMITH** he was on his way. Surveillance followed **BEASLEY** from 1122 N. PIATT, WICHITA, KS to the Township Mobile Home Park, 3232 S. Clifton, Lot 417, Wichita, KS, which was subsequently identified as the residence of **SMITH**.

      b.    On April 1, 2013, investigators intercepted telephone calls and text messages between **Gerald BEASLEY** and **Brandon SMITH**. During one call in Session #948, **BEASLEY** asked **SMITH** if he was ready to see him. **SMITH** told **BEASLEY** that he had to contact someone first. **SMITH** stated that he needed one for sure and he was going to contact the other person to see if they wanted any as well. **SMITH** agreed to call **BEASLEY** back. During another call in Session #950, **SMITH** asked **BEASLEY** what the "ticket" was on the "four," for "the cutie". **BEASLEY** told **SMITH** that he thought it was 1050. **SMITH** asked **BEASLEY** to find out for sure. **BEASLEY** told **SMITH** that he would call him back. During another call in Session

#951, **BEASLEY** told **SMITH**, "No he he says for that one you had to have 1100.
**SMITH** told **BEASLEY** that he would take one and he would have to call someone else.
Investigators intercepted a series of text messages between **G. BEASLEY** and **SMITH**
in Sessions #955, 956, 957, 965, 966, 967, 968, 970, 971, 992, 1001. During one text
message, **BEASLEY** received a text message from **SMITH** that read "Any tabs".
**BEASLEY** replied to **SMITH** via text message that read "yellow". **BEASLEY** received
a text message from **SMITH** that read "I nd, hw many u gt". **BEASLEY** received a text
message from **SMITH** that read "Hw many u gt sir". **BEASLEY** replied to **SMITH** via
text message that read "50". **BEASLEY** received a text message from **SMITH** that read
"At wat 4 each". **BEASLEY** replied to **SMITH** via text message that read "k". **SMITH**
sent **BEASLEY** a text message that read "No im askn, is it 4 dollars each". **BEASLEY**
replied to **SMITH** via text message "yes". **BEASLEY** received a text message from
**SMITH** that read "1 from ur people 2 from ur son and 40 of da yelows. u culd do 3.90 on
them 4 me lol. im ready". **BEASLEY** received a text message from **SMITH** that read "u
stil at doc". At approximately 4:09 p.m., while at 7111 East 21st Street Wichita, KS,[1]
surveillance observed **BEASLEY** enter a silver Lincoln MKZ and depart.[2] Surveillance
followed the vehicle to 1122 N. PIATT, WICHITA, KS. At approximately 4:55 p.m.,
**BEASLEY** left 1122 N. PIATT, WICHITA, KS in the same vehicle. Surveillance
followed the vehicle to the location of 3232 South Clifford lot 417. This location had
been identified as being associated with **Brandon SMITH**. At approximately 5:17 p.m.,
**BEASLEY** was observed exiting the residence and returning to his vehicle. **BEASLEY**
then left the area while being followed by surveillance personnel. At approximately 5:24

---

[1] Affiant knows that this location is a doctor's office.
[2] Affiant believes that the Lincoln MKZ that **BEASLEY** was utilizing was a loaner car provided to him
while his Lincoln Navigator was being repaired.

p.m., **BEASLEY** returned to 1122 N. PIATT, WICHITA, KS.  Affiant believes that **BEASLEY** and **SMITH** were talking about prices for controlled substances when they reference "1050" and"1100;" most likely referring to $1,050 and $1,100.  Affiant believes that **BEASLEY** and **SMITH** were talking about prices for controlled substances when they reference "3.90" and "4;" most likely referring to $3.90 and $4.00 per pill. Affiant believes that **BEASLEY** delivered controlled substances to **SMITH**.

        c.      On April 2, 2013, investigators intercepted a call between **Gerald BEASLEY** and **Brandon SMITH**.  In the call, **SMITH** told **BEASLEY** that he needed another one and that he needed to see **BEASLEY** because he "fucked up 10 G's of it man. I don't know why the fuck I can't do this shit now. Shit is fucking up and I didn't. And it's just sitting." **BEASLEY** told **SMITH** he would be there shortly.  **SMITH** told **BEASLEY** to bring one more because he had to fix it.  **BEASLEY** told **SMITH** to let it sit for now and that he would be there shortly.   Affiant believes, based on the aforementioned call, other information, and affiant's training and experience, that **SMITH** is having difficulty manufacturing crack cocaine from powder cocaine, which **SMITH** was obtaining from **BEASLEY**.

        d.      On April 5, 2013, investigators intercepted telephone calls and text messages between **Gerald BEASLEY** and **Brandon SMITH**.   During one call in Session #1668, they discussed getting together.  **SMITH** advised that **BEASLEY** owed him change and **SMITH** wanted **BEASLEY** to bring him "one of them chicks like I told you last night".  **SMITH** advised he would get it that day or the next.  During another call in Session #1794, **SMITH** wanted to know if they were going to get together then or the next day.  **SMITH** told **BEASLEY** that he needed "two jerseys".  **BEASLEY** told him

that he could get them to him; however he was stuck at the moment. **BEASLEY** told **SMITH** that it would have to be "tonight". **SMITH** sent a text message to **BEASLEY** in Session #1815 that read "Didnt 4gt me did u". At approximately 11:49 p.m., **BEASLEY** departed from 1122 N. PIATT, WICHITA, KS and was followed out of the area. At approximately 11:54 p.m., **BEASLEY** arrived in the 1900 block of Minneapolis. At that time, **BEASLEY** telephoned Denise DAVIS, a known girlfriend of **BEASLEY**, and advised her come to his vehicle. DAVIS entered the vehicle with **BEASLEY**. At approximately 11:55 p.m., investigators intercepted a call between **BEASLEY** and **SMITH** in Session 1828. **BEASLEY** told him that he was on his way to see **SMITH**. **SMITH** told **BEASLEY**, "It's It's some females over here just say hey man you still got them purses uh cause I'm going to get one for my girl then I'm a give you a purse to leave with and then I'll just probably get it from you tomorrow or something." At about 11:55 p.m., **BEASLEY** drove away from the 1900 block of Minneapolis. At approximately 12:06 a.m., on 04-06-2013, **BEASLEY** arrived at 3232 South Clifton lot 417, which is the known address of **SMITH**. **BEASLEY** and DAVIS entered the residence. At approximately 12:15 a.m., **BEASLEY** left the residence and drove away from the area.

10. On June 11, 2013, the Honorable Magistrate Judge Kenneth G. Gale issued a Federal search warrant for the residence located at 1122 N. Piatt, Wichita, KS.

11. On the morning of June 12, 2013, affiant and other law enforcement personnel met at a staging location in the area of 10th and Minneapolis. The purpose of the meeting was to prepare for serving Federal search warrants at various locations, including the residence located at 1122 N. Piatt. A Federal seizure warrant had also been

issued to seize **Gerald BEASLEY**'s silver-in-color Lincoln Navigator bearing Kansas license plate JEWEL1. While the aforementioned law enforcement personnel waited in the area of 10th and Minneapolis, other law enforcement personnel established surveillance in the vicinity of 1122 N. Piatt, Wichita, KS and observed **BEASLEY**'s Lincoln Navigator bearing Kansas license plate JEWEL1 parked in the driveway of 1122 N. Piatt, Wichita, KS. **BEASLEY** exited 1122 N. Piatt, Wichita, KS, got into the Lincoln Navigator, and drove away. WPD Officer (Off.) Bachman, who was at the staging location, was dispatched to conduct a traffic stop of **BEASLEY** in order to seize the vehicle. Off. Bachman informed affiant that, when he stopped **BEASLEY** in the Lincoln Navigator, **BEASLEY** was found to be in possession of a loaded handgun. Off. Bachman informed affiant that he had stopped **BEASLEY** near the intersection of 11th Street and Chautauqua Street. Off. Bachman further informed affiant that he asked **BEASLEY** if he had any weapons and that **BEASLEY** told him that he had a gun. Off. Bachman informed affiant that he then located and retrieved a loaded handgun from **BEASLEY**'s right, front, pants pocket. Off. Bachman later showed affiant the handgun, which is described as a High Standard Mfg. Corp, Derringer, .22 caliber, handgun, S/N D06489 loaded with two (2) rounds of .22 caliber ammunition. Affiant placed **BEASLEY** under Federal arrest for being a felon in possession of a firearm. Off. Bachman subsequently transported **BEASLEY** to the Sedgwick County Jail. At the time of **BEASLEY**'s arrest, **BEASLEY** had two cellular telephones in his possession. Affiant subsequently retrieved **Gerald BEASLEY**'s cellular telephones and entered them into ATF evidence.

12.     On July 25, 2013, the Honorable Magistrate Judge Kenneth G. Gale issued a Federal search warrant for the cellular telephones recovered from **Gerald BEASLEY** at time of his arrest on June 12, 2013.   An examination of one of the cellular telephones pursuant to the aforementioned Federal search warrant revealed additional text messages exchanged between **Gerald BEASLEY** and the telephone number identified as being used by **Brandon SMITH**. Some, but not all, of these text message exchanges are described below.

a.     On April 27, 2013, **Gerald BEASLEY** received a text message from **Brandon SMITH**'s telephone number that stated, "Any wrd on da grl." **BEASLEY** sent a text message that stated, "No same tic."  **Gerald BEASLEY** received a text message that stated, "Wel if it go dwn or u ready 2 go n wn cheapr let me no." **Gerald BEASLEY** sent a text message that stated, "You put me between a rock and a hard place."  Affiant believes that the use of the word "grl" in the text message exchange above is a shortened version of the word "girl."   Affiant knows from training and experience that the word "girl" is often used as slang for cocaine.  Affiant believes that **Gerald BEASLEY** and **Brandon SMITH** were conspiring to obtain cocaine.

13.     On June 12, 2013, law enforcement personnel served the Federal search warrant at the residence located at 1122 N. Piatt, Wichita, KS.  Affiant believes that the aforementioned residence, which was owned and/or controlled by **Gerald BEASLEY**, was being used by **Gerald BEASLEY** as a stash house for controlled substances.  During the search of the residence, law enforcement personnel found and seized, among other items, the following: a Hipoint, Model, C9, 9mm, pistol, S/N P1526267; ammunition;

heroin; marijuana; cocaine; crack cocaine; pills; drug paraphernalia; documents and computer evidence; and over $26,000.00 in United States Currency.

14.    On April 01, 2014, a Federal grand jury in Wichita, Kansas returned a true bill indicting **Brandon SMITH** on conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.   A Federal arrest warrant for **Brandon SMITH** was then issued.

15.    On April 9, 2014, **Brandon SMITH** was arrested at his residence located at 3232 S. Clifton, #417, Wichita, Kansas pursuant to the Federal arrest warrant.  At the time of **SMITH**'s arrest, law enforcement personnel made contact with Shawna Maxton at **SMITH**'s residence.  Maxton stated she was **SMITH**'s girlfriend and also lived at the residence.  ATF SA Everett Wayland asked Maxton if there was anything illegal inside the residence to which she replied she was unsure.  SA Wayland asked her if there was marijuana located inside the residence and she stated there were a couple of burnt roaches in an ashtray and offered to show SA Wayland the location.  Maxton took SA Wayland to the master bedroom's bathroom and showed SA Wayland an ashtray containing purported used marijuana.  SA Wayland recognized the items in the ashtray through training and experience as items associated with the usage of marijuana.  SA Wayland asked for consent to look further for any contraband and Maxton told agents yes.  Agents conducted a verbal consent search of the master bedroom and located a small floor safe in the closet.  Maxton advised agents that the safe belonged to **SMITH** and she did not have access to it.  Further, agents observed a black in color Verizon cell phone (**SUBJECT CELLULAR TELEPHONE**) and charger on the floor next to the bed in plain view.  Maxton advised the phone belonged to **SMITH**.  The phone was secured by SA Wayland

12

and turned over to affiant. Affiant subsequently entered the **SUBJECT CELLULAR TELEPHONE** into ATF evidence as ATF Item #318.

16.    Based on my training and experience, consultation with other experienced investigators, and other sources of information, I know the following regarding persons engaged in drug trafficking (hereinafter "traffickers"):

a.    That traffickers will often have other members of the organization purchase or otherwise obtain items such as cellular telephones and then use the items communally; sometimes trading cellular telephones to avoid detection by law enforcement;

b.    That traffickers often maintain extensive contact with individuals from whom they receive and/or to whom they distribute drugs and that, in order to do this effectively, these persons typically maintain access to telephone communication;

c.    That traffickers frequently use cellular telephones to verbally and textually communicate various types of information with organization members, such as: (a) telephone numbers of co-conspirators; (b) the identities of co-conspirators involved in the drug trafficking enterprise; (c) locations of meetings with co-conspirators; (d) prices and quantities of controlled substances; and (e) alerts or warnings of the presence of law enforcement;

d.    That traffickers sometimes maintain within their phones digital or electronic information regarding amounts of drugs sold and "fronted"; monies owed; profits and their disposition; associates' names, phone numbers and telephone pager codes and that these records may include, but are not limited to, receipts, notes, ledgers,

13

and other documents related to the transportation, ordering, sale, manufacture and distribution of controlled substances;

     e.    That traffickers occasionally take, or cause to be taken, photographs or videos of themselves, their co-conspirators, their associates, their property, their illegal activities, and their contraband.

## CONCLUSION

16.    Based on the foregoing, I believe there is probable cause to believe that items, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 will be found in **SUBJECT CELLULAR TELEPHONE.**

Jason Fuller, Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

SUBSCRIBED TO AND SWORN before me this 5th day of May, 2014.

~~Kenneth G. Gale~~
United States Magistrate Judge
District of Kansas

14

## ATTACHMENT A

The cellular telephone to be search is described as the following:

        a.        Verizon, LG LTE, AT&T, Samsung, Galaxy SII, cellular telephone, FCC ID: ZNFVS980 seized from **Brandon SMITH** on April 9, 2014 and entered into ATF evidence as ATF Item #318 (**"SUBJECT CELLULAR TELEPHONE"**);

## ATTACHMENT B

The items to be seized from **SUBJECT CELLULAR TELEPHONE**, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 include the following:

a.   All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

b.   All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of calls, which identifies calls made to and/or from **SUBJECT CELLULAR TELEPHONE**;

c.   All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

d.      All   digital   or   electronic   information   stored   inside   **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

e.      All   digital   or   electronic   information   stored   inside   **SUBJECT CELLULAR TELEPHONE** that would constitute indicia of ownership and/or use of **SUBJECT CELLULAR TELEPHONE**.